**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Midwest Operating Engineers Retirement Enhancement Fund; and Construction Industry Research and Service Trust Fund;<br><br>Plaintiffs,<br><br>v.<br><br>ARP Asphalt Construction Co., an Illinois corporation;<br><br>Defendant. | CIVIL ACTION<br><br>NO. |

## COMPLAINT

Midwest Operating Engineers Welfare Fund; Midwest Operating Engineers Pension Trust Fund; Operating Engineers Local 150 Apprenticeship Fund; Midwest Operating Engineers Retirement Enhancement Fund (collectively "the Funds"); and Construction Industry Research and Service Trust Fund ("CRF") bring this action to collect contributions and dues from Defendant, ARP Asphalt Construction Co. ("ARP").

## COUNT I.  SUIT FOR DELINQUENT CONTRIBUTIONS

### Facts Common to All Counts

1.      The Union is an employee organization under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1002(4); and a labor organization under the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 152(5).

2.     Defendant ARP is an "Employer" within the meaning of ERISA, 29 U.S.C. § 1002(5) and an "Employer" within the meaning of the LMRA, 29 U.S.C. § 152(2). It is a corporation engaged in the construction industry with its principal office in Wood Dale, Illinois.

3.     ARP identified Salvador Arreguin as President (Exhibit A).

4.     On June 23, 2011 and November 8, 2013, ARP through Salvador Arreguin signed Memoranda of Agreement (attached as Exhibits B and C) with the Union that adopted the terms of collective bargaining agreements ("CBAs") known as the Excavators' Inc. Heavy and Highway and Underground Agreement and Rockford Nine-County Heavy Highway and Underground Agreement (excerpts attached as Exhibits D and E).

5.     The CBAs and the Agreements and Declarations of Trust incorporated therein require ARP to make fringe benefit contributions to the Funds. The Funds are "employee welfare benefit plans" and/or "plans" within the meaning of ERISA, 29 U.S.C. § 1002 (3).

6.     The CBA and Trust Agreements specifically require ARP to:

(a)     Submit a monthly report stating the names and number of hours worked by every person on whose behalf contributions are required and accompany these reports with payment of contributions based on an hourly rate identified in the CBA;

(b)     Compensate the Funds for the additional administrative costs and burdens imposed by its delinquency through payment of liquidated damages in the amount of ten percent of untimely contributions, or twenty percent of such contributions should the Funds be required to file suit;

(c)     Pay interest to compensate the Funds for the loss of investment income;

(d)     Make its payroll books and records available to the Funds for the purpose of an audit to verify the accuracy of past reporting, and pay any and all costs incurred by the Funds in pursuit of an audit where a delinquency in the reporting or submission of contributions is identified;

(e)     Pay the Funds' reasonable attorneys' fees and costs incurred in the prosecution of any action to collect outstanding reports, delinquent contributions, or compliance with an audit request;

2

(f)     Furnish to the Funds a bond in an amount acceptable to the Funds.

7.     The CBAs also requires ARP to make contributions to CRF.  CRF is a labor management cooperative committee as that term is defined under Section 302(c)(9) of the LMRA, 29 U.S.C. § 186 (c)(9).  The CBA places the same obligations on ARP with respect to CRF as it does the Funds.

8.     The CBAs further requires ARP to deduct administrative dues from employees' wages and remit those dues to the Union on a monthly basis utilizing a form remittance report. Where ARP does not do so, the Union is entitled to liquidated damages, attorneys' fees and any other cost of collection.

9.     ARP has become delinquent in the submission of its reports and contributions due the Funds and CRF, and reports and dues to the Union. As a result of this delinquency, it owes the Funds and CRF contributions, liquidated damages, and interest, and dues and liquidated damages to the Union.

## Jurisdiction and Venue

10.     This Court has jurisdiction over this action pursuant to ERISA, 29 U.S.C. §§ 1132, 1145 and 28 U.S.C. § 1331, because ERISA is a federal statute.

11.     Venue is proper in this Court pursuant to Section 502(e)(2) of ERISA because the Funds are administered in Cook County, Illinois.

## Allegations of Violations

12.     ERISA states: "Every employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall, to the extent not inconsistent with law, make such contributions in accordance with the terms and conditions of such plan or such agreement." 29 U.S.C. § 1145.

13. Where an employer fails to submit contribution reports and contributions timely, ERISA permits the Funds to file suit under ERISA to collect the fringe benefit contributions, liquidated damages, interest, attorneys' fees and costs. ERISA also permits the Funds to seek an injunction that requires submission of outstanding reports so that the Funds may determine whether additional sums are due to the Funds. Alternatively, the Funds may seek an audit to establish whether such sums are due, and/or estimate the amounts due.

14. ARP has violated ERISA and breached the CBA and the Trust Agreements because it has failed to timely submit its reports and contributions to the Funds, and refused to pay liquidated damages and interest that has accrued.

15. Upon careful review of all records maintained by the Funds, and after application of any and all partial payments made by ARP, there is a total of $9,168.96 known to be due the Funds from ARP, before the assessment of fees and costs, and subject to the possibility that additional contributions, liquidated damages, and interest will become due while this lawsuit is pending.

WHEREFORE, the Funds respectfully request that the Court:

A. Enter judgment in favor of the Funds and against ARP for all unpaid contributions as identified in ARP's contribution reports;

B. Enjoin ARP to perform specifically its obligations to the Funds, including submission of the required reports and contributions due thereon to the Funds in a timely fashion as required by the plans and by ERISA;

C. Enjoin ARP at the Funds' option to submit to an audit of its payroll books and records in order to determine whether ARP owes additional sums to the Funds, and pay the costs of such an audit; or alternatively at the Funds' option require ARP to pay any contributions reasonably estimated to be due by the Funds for the period when ARP failed and refused to timely submit contribution reports;

D.     Enter judgment against ARP and in favor of the Funds for liquidated damages, interest, attorneys' fees and costs associated with all delinquent contributions;

E.     Provide the Funds with such further relief as may be deemed just and equitable by the Court, all at ARP's cost.

## COUNT II.  SUIT TO COLLECT CRF CONTRIBUTIONS

1-9.     CRF re-alleges and incorporates herein by reference paragraphs 1 through 10 of Count I as if fully stated herein.

### Jurisdiction and Venue

10.     This Court has jurisdiction over this action pursuant to § 301 of the LMRA, 29 U.S.C. § 185 and 28 U.S.C. § 1331. Furthermore, ARP consented to the jurisdiction of this court in the Payment Plan.

11.      Venue is proper in this Court pursuant to 29 U.S.C. § 185(a) because this Court has jurisdiction over the parties, and CRF's principal office is located within the geographic jurisdiction of this Court.

### Allegations of Violations

12.     ARP has not submitted all of its contribution reports to CRF.  ARP has failed to make timely payment of all contributions acknowledged to be due according to ARP's own contribution reports and the collective bargaining agreement, and ARP has failed to pay interest and liquidated damages required by the CBA.  Accordingly, ARP is in breach of its obligations to the CRF under the CBA.

13.     That upon careful review of all records maintained by CRF, and after application of any and all partial payments made by ARP, there is a total of $204.27 known to be due to CRF from ARP subject to the possibility that additional contributions and liquidated damages will become due while this lawsuit is pending.

WHEREFORE, CRF respectfully requests that the Court:

A.      Order ARP to submit all delinquent monthly contribution reports;

B.      Enter judgment in favor of CRF and against ARP for all unpaid contributions, liquidated damages, interest, CRF's reasonable attorneys' fees and costs, including any amounts estimated to be due in view of ARP's failure to submit all contribution reports required by the CBA;

C.      Enjoin ARP to perform specifically its obligations to CRF including timely submission of reports and contributions as required by the plans and the CBA;

D.      Award CRF such further relief as may be deemed just and equitable by the Court, all at ARP's cost.

Dated: April 6, 2020                Respectfully submitted,


By:  /s/ Elizabeth A. LaRose
        One of the Attorneys for the Plaintiffs

Attorneys for Local 150:           Attorney for the Funds:

Dale D. Pierson                  Elizabeth A. LaRose
Elizabeth A. LaRose           Institute for Worker Welfare, P.C.
Brad H. Russell                  6141 Joliet Road
Local 150 Legal Dept.          Countryside, IL 60525
6140 Joliet Road                 Ph: (708) 579-6613
Countryside, IL 60525          Fx: (708) 588-1647
Ph: (708) 579-6663             elarose@local150.org
Fx: (708) 588-1647
dpierson@local150.org
elarose@local150.org
brussell@local150.org